### SCHMIDT v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term. January 17, 1906.)

1. DAMAGES—PERSONAL INJURIES—INSTRUCTIONS.

An instruction, in a personal injury case, that in estimating plaintiff's damages the jury might fairly consider what they thought would compensate them under similar circumstances, if injured in the same manner, is erroneous.

2. CARRIERS—STREET RAILWAYS—INJURY TO PASSENGER—NEGLIGENCE—OVERCROWDING.

Refusal to charge, in an action against a street railway company for injury to a passenger, that to permit overcrowding was not negligence as matter of law, but was merely a circumstance to be considered by the jury, is error, which is not cured by reading to the jury an excerpt from an opinion, which, read without its context, is calculated rather to mislead than to instruct the jury.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Charles Schmidt against the Interborough Rapid Transit Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and BLANCHARD and DOWLING, JJ.

· Charles A. Gardiner. (G. Tarleton Goldthwaite, of counsel), for appellant.

Frank A. Acer, for respondent.

SCOTT, P. J.   The verdict was grossly excessive, due perhaps to the erroneous instruction to the jury that, in estimating the plaintiff's damage, they might fairly consider what they thought would compensate them under similar circumstances, if injured in the same manner.   The plaintiff's injuries were only very slight, and it is not even claimed that they are permanent.   His loss by way of wages amounted only to one week at $5.50 a day, and no proof was given or claim made in respect to any physician's fee.

Counsel for defendant asked the court to charge that it was not negligence as a matter of law to permit overcrowding, but was a circumstance to be submitted to and considered by the jury.   This was a proper request, and should have been charged, and the refusal to do so was not rendered harmless by reading to the jury an excerpt from a judicial opinion, which, read without its context, was calculated rather to mislead than to instruct the jury.

No request was made to charge as to the contributory negligence of plaintiff in leaving a place of safety, and attempting to squeeze through the gate before it had been fully opened, and it is not, therefore, necessary to consider that question upon this appeal.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.   All concur.