Action by Edward Squadrilli against Michael Ciervo. Appeal by plaintiff from a judgment of the municipal court in favor of defendant. Reversed.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

A. S. Fraser, for appellant.

H. L. Kringel, for respondent.

PER CURIAM. Some of the exhibits in this case are in the French language and appear not to have been translated into English. The cause should have been tried altogether in the English language.

Judgment reversed without costs. The record must be returned to the files for such action as counsel may advise.

---

### STANTIAL v. UNION RY. CO.

(Supreme Court, Appellate Term. December 11, 1906.)

APPEAL—REVIEW—IMPROPER INSTRUCTIONS.

It is the legal right of a party to an action to have the rule governing the same correctly stated, and a judgment founded on improper instructions, duly excepted to, cannot be upheld.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 4043.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Robert S. Stantial against the Union Railway Company. From the judgment in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

William E. Weaver, for appellant.

Maurice J. McCarthy, for respondent.

PER CURIAM. The instructions given by the trial justice in stating the rule of damage were clearly erroneous (Schmidt v. Interborough Rapid Transit Co. [Sup.] 97 N. Y. Supp. 330); were excepted to at the close of the charge; were not modified or withdrawn, but were practically repeated and emphasized. Of course, we are unable to determine whether defendant was prejudiced or not thereby, but it may well have been. It was its legal right to have the rule correctly stated, and judgment founded upon improper instructions, duly excepted to, cannot be upheld.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.