Argued before GILDERSLEEVE, BLANCHARD, and DAYTON, JJ.

Bayard H. Ames and Walter Henry Wood, for appellant.

Steuer & Hoffman (Max D. Steuer and Henry A. Friedman, of counsel), for respondent.

BLANCHARD, J.   In view of the inherent improbability of certain particulars of the plaintiff's testimony, and the testimony of his single corroborative witness, and the substantial agreement and probability of the testimony of the six witnesses for the defendant, the verdict rendered by the jury for the plaintiff might well have been set aside as contrary to the weight of evidence.   The large size of the verdict, in spite of the temporary character of the plaintiff's injuries, may well have been due, in part, to the charge of the learned trial judge, who said, referring to the testimony offered at the trial:

"When you get stories of the happening of a certain event diametrically opposed to each other, you cannot throw the mantle of charity over them and say that some one is mistaken.   You have got to characterize it in harsher and more severe language."

Upon the evidence, the jury should have been permitted to reconcile, if possible, the testimony, without attributing willful perjury to any of the witnesses.   Smith v. Lehigh Valley R. R. Co., 170 N. Y. 394, 63 N. E. 338.

Further error was committed in refusing to strike out evidence regarding the deafness of the plaintiff after the accident, which was introduced without sufficient evidence to connect it as a result of the accident.   Saumby v. City of Rochester, 145 N. Y. 81, 39 N. E. 715. Although permanent injuries were expressly waived by the plaintiff, it seems likely, from the size of the verdict, that this evidence influenced the jury.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.   All concur.

---

(52 Misc. Rep. 501)

RHODES v. UNION RY. CO.

(Supreme Court, Appellate Term.   February 4, 1907.)

DAMAGES—PERSONAL INJURIES—INSTRUCTIONS.

An instruction, in a personal injury case, that in estimating plaintiff's damages it was fair for the jury to say what they would under similar circumstances accept for the suffering plaintiff had testified to and what would be a fair allowance for that suffering, and that the jury could put themselves in her position in determining that amount, is erroneous.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, § 548.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Two actions by Margaret A. Rhodes against the Union Railway Company, one for personal injuries and one for injuries to personal property.   From both judgments in favor of plaintiff, defendant appeals.   Judgment in the action for personal injuries reversed, and a new

trial ordered, and judgment in the action for injuries to property affirmed.

Argued before GILDERSLEEVE, BLANCHARD, and DAYTON, JJ.

William E. Weaver, for appellant.

Tierney & Conlon (Frank L. Tierney, of counsel), for respondent.

DAYTON, J. Defendant appeals from two judgments—one for damages for personal injuries and one for injuries to personal property —caused by the alleged negligence of the defendant. Both actions were tried together. In the action for personal injuries the verdict was for $500, and in the action for property injuries the verdict was $77. During that part of the charge in the action for personal injuries the trial judge said:

"Should you bring in a verdict for her, it must be for a sum that would compensate her for her injuries so far as you can do it; and it is fair for you to say in a case of that kind what you would under similar circumstances. Accept yourself for that suffering she has testified to, that pain and agony for a number of weeks, under the doctor's care every day being treated for it, and confined to a room or bed with those sufferings, and what would be the fair allowance for it; and you can put yourself in her position in doing so."

He then proceeded to refer to the doctor's and medicine bills and to the injuries to the plaintiff's clothing, which were involved in the other action.

Defendant's Counsel:

"I desire to take an exception to the court's charge in relation to the damages, and that the measure of damages is what they would expect to receive under similar circumstances."

The Court:

"I did not say 'is.' I said, 'You may' put yourself in her place and consider what you would be willing to take under the circumstances."

To this also defendant's counsel excepted.

This language is, unfortunately, obnoxious to the decisions in Schmidt v. Interborough R. T. Co. (Sup.) 97 N. Y. Supp. 390, and Stantial v. Union Ry. Co. (Sup.) 101 N. Y. Supp. 662. I say unfortunately, because plaintiff had proved her case; and while I doubt, taking the charge in its entirety, that this language affected the amount of the verdict, nevertheless that doubt may not be urged against the foregoing authorities.

The judgment for $536.50 in the action for personal injuries must therefore be reversed and a new trial ordered, with costs to the appellant to abide the event. The judgment for $99 in the action for injuries to property should be affirmed, with costs. All concur.