(53 Misc. Rep. 638)

### GREER v. UNION RY. CO.

(Supreme Court, Appellate Term.   March 14, 1907.)

DAMAGES—PERSONAL INJURIES—INSTRUCTIONS.

In a personal injury case, an instruction authorizing recovery on the basis of what the jurors would "want," if standing in plaintiff's place, was erroneous.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Hugh B. Greer against the Union Railway Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

See 99 N. Y. Supp. 428.

Argued before GILDERSLEEVE, P. J., and DAVIS and HENDRICK, JJ.

William E. Weaver, for appellant.

Headley M. Greene, for respondent.

· PER CURIAM. Defendant appeals from a judgment for $301.50 in favor of the plaintiff, entered upon the verdict of a jury. The judgment should be reversed, because of erroneous instructions to the jury contained in the charge of the learned justice presiding. In explaining the rule of damages to be applied in the case, the court said:

"A good many jurors do put themselves right in his place and say: 'What under the circumstances would I want for injuries and sufferings of that kind.'"

Proper exception was then taken to this part of the charge, and the court thereupon added:

"Not what they would take, what they would want."

Exception was also taken to this statement. This error was doubtless prejudicial. Stantial v. Union Ry. Co. (Sup.) 101 N. Y. Supp. 662; Schmidt v. Interborough R. T. Co., 97 N. Y. Supp. 390, 49 Misc. Rep. 255; Rhodes v. Union Ry. Co. (App. Term, January, 1907) 102 N. Y. Supp. 510.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.