**H. L. BUTLER & SON et al. v. WALPOLE.**

**No. 9966.**

Court of Civil Appeals of Texas.
Austin.

May 2, 1951.

Rehearing Denied May 23, 1951.

Bowyer, Gray, Thomas & Crozier, by H. T. Bowyer, Dallas, for appellants.

Strasburger, Price, Holland, Kelton & Miller, Dallas, Hammett & Lynch, by J. V. Hammett, Lampasas, for appellee.

ARCHER, Chief Justice.

This is a suit by the appellee, John Walpole, against H. L. Butler & Son, principal contractor, and Robert Burnham, doing business as Burnham Construction Company, an independent subcontractor, for damages to appellee's house in Lampasas, Texas, allegedly caused by the negligence of the appellants in conducting blasting operations in the construction of a highway adjoining appellee's house. A trial to a jury resulted in a verdict and judgment against the defendants, jointly and severally, for the sum of $950, with judgment in favor of H. L. Butler & Son over against Burnham for a like amount. Burnham has not perfected an appeal. The Gulf Insurance Company and the Lampasas Savings & Loan Association were required to intervene as parties plaintiff, but the court prohibited the fact that Gulf Insurance Company was a party being made known to the jury. H. L. Butler & Son and H. Glenn Butler have appealed.

This appeal is based on ten points assigned as error; the first concerns the action of the trial court in prohibiting the mention of insurance to the jury, since the Gulf Insurance Company had settled the loss and was the real party; the second is directed to the error of the trial court in submitting issue No. 9, to the effect that Butler retained the right to control the work performed by Burnham, to the jury; the third, likewise, to the submission of issues Nos. 1, 2, 4, 5, 6 and 7, of alleged negligence of the two defendants jointly; the fourth, that there was no evidence to support the findings of the jury to the issues Nos. 1, 2, 4, 5, 6 and 7, that appellants Butler & Son were negligent in conducting the blasting operations, because the evidence showed that the operations were conducted solely by Burnham; fifth, that there was no evidence to support issue No. 10, to the effect that the blasting operations were inherently dangerous; sixth, that it was error to permit appellee to testify as to the market value of the house, because he was not qualified to give an opinion; seventh, that the judgment was excessive, in view of the only competent testimony offered; eighth, that the judgment is predicated on the wrong measure of damage; ninth, the failure of the court to instruct the jury to disregard the improper argument of appellee's attorney in his closing argument, because such remarks were prejudicial to appellants; and tenth, the error of the court in overruling appellants' motion for peremptory instruction and for judgment non obstante veredicto, because there was no evidence to support the jury's findings against appellants.

The defendant Burnham filed a plea in abatement on the ground that plaintiff had insurance protecting him against the loss in question, and had been paid a sum of money and had assigned his cause of action to the insurance company, and that the insurance company should be made a party to the suit. Appellee moved the court to instruct counsel in this cause and all witnesses not to mention or in any way relate to insurance, insurance companies, or subrogation rights.

At a hearing had prior to the trial it was developed that the plaintiff carried insurance on his house and had been paid $800 by the carrier, in full settlement, and that he had given the insurance company

the right to sue for the damages. The court required the Gulf Insurance Company to be made a party to the suit for record purposes only, and sustained the motion to instruct counsel and witnesses not to mention insurance; to which action appellants excepted. The insurance company filed a plea in intervention and adopted all of the pleadings of the plaintiff.

We do not believe the court erred in sustaining appellee's motion to prohibit the mention of insurance or subrogation rights to the jury, and overrule the first assignment.

The Supreme Court in Myers v. Thomas, 143 Tex. 502, 503, 186 S.W.2d 811, decided that it was error to refer to the fact that the plaintiff was protected by some form of insurance, or to permit any pleadings relating to the settlement to be read to the jury. See Ford v. Carpenter, 147 Tex. 447, 216 S.W.2d 558; York Transport v. Moreland, Tex.Civ.App., 224 S.W.2d 899, Writ Ref. N.R.E.

Complaint is made of the submission of special issue No. 9, inquiring if Butler retained the right to control and supervise the means and method used by Burnham in performing the details of the construction work upon the occasion in question, and to which question the jury answered "Yes", because appellants say the undisputed evidence showed that Burnham was an independent contractor; and further that the undisputed evidence showed that the blasting operations were conducted solely by Burnham as an independent contractor, and that it was error for the court to submit the issues of the alleged negligence of the two defendants jointly in special issues Nos. 1, 2, 4, 5, 6, and 7, because the issues were duplicitous, and allowed the jury to impute the negligence of one of the defendants to the other; and by the fourth point that there was no evidence to support the findings of the jury to special issues Nos. 1, 2, 4, 5, 6, and 7.

We believe that the evidence is sufficient to support the submission of the issues and that the findings of the jury find reasonable support in the record. We recognize that we will discard all adverse evidence and give credit to all evidence that is favorable to appellee, and indulge every legitimate conclusion favorable to determine whether or not there is any evidence to support the affirmative findings on the issues. Gambill v. Snow, Tex.Civ.App., 189 S.W.2d 33, Writ Ref. W.M.

The contracts between Butler and the State and Butler and Burnham were before the jury, as was the letter by Butler designating Burnham as general superintendent on the project, and Mr. Williams as project superintendent, which was in compliance with the requirement of the Highway Department.

Butler testified:

"Q. You have superintendents for your regular jobs? A. That is right, they are absolutely in charge of each project. I have a project superintendent, and he in turn has a foreman that works for him.

"Q. Do you use that system when you don't have the subcontractor? A. I use that when I am doing all of the work myself.

"Q. When you have a subcontractor you tell me you don't use a supervisor? A. That is right.

"Q. That is right? A. That is right."

We have not attempted to set out or refer to all of the testimony introduced on the trial.

The resident engineer of the Highway Department at Lampasas, as well as the appellants and Burnham, testified, and all of the testimony was before the court and jury, and from this testimony and the attendant circumstances that were before the jury, we believe the jury had the right to believe and could infer that appellant Butler at all times had the right to control and supervise the means and methods used by Burnham in the performance of the work upon the occasion in question, and that the affirmative answer of the jury is reasonably supported by the evidence, and that it was not error for the court to submit special issue No. 9. Gambill v. Snow, supra, and cases cited; 23 Tex.Jur. 550; 57 C.J.S., Master & Servant, § 598, p. 371; Gulf Ref. Co. v. Rogers, Tex.Civ.App., 57 S.W.2d 183.

By the third and fourth points complaint is made of the submission of special issues Nos. 1, 2, 4, 5, 6, and 7 to the jury, because the evidence showed that the blasting operations in question were conducted solely by Burnham, and that there was no evidence to support the findings of the jury to the effect that appellants were negligent, because the evidence showed that the blasting operations were conducted solely by Burnham as an independent contractor.

The second, third and fourth points, as is noted, are directed to the same or similar error of the trial court in submitting the issues noted, because of a lack or failure of evidence to support the jury's answers. We have determined that the evidence was sufficient to raise the questions for the consideration of the jury and that the findings are reasonably supported by the record as a whole in the disposition of the second assignment. We will not further discuss assignments Nos. three and four, but overrule them. The plaintiff sued the defendants as joint feasors, alleging them to be jointly and severally liable for the negligence complained of by the plaintiff.

In the case of Allcorn v. Fort Worth & R. G. Ry Co., Tex.Civ.App., 122 S.W.2d 341, 343, Er.Ref., it was held: "It is now a settled rule that either party is entitled to have submitted any fact or group of facts, if supported by pleading and evidence, which would constitute a complete ground of recovery or a complete defense. But it is not necessary, nor proper, to twice submit the same issue in different form or in different language."

"In respect to the submission of issues for the determination of the jury, both parties to a lawsuit stand upon the same plane. Each is entitled to an affirmative presentation of all issues properly pleaded and sustained by proof." Dallas Ry. & Terminal Co. v. Garrison, Tex.Com.App., 45 S.W.2d 183, 185, opinion approved by the Supreme Court.

Since the jury found that Burnham was not an independent contractor, the joint liability follows and the issues were properly submitted. North East Tex. Motor Lines, Inc., v. Hodges, 138 Tex. 280, 158 S.W.2d 487.

We overrule the fifth point which concerns the submission of issue No. 10 and the jury's answer because there was no evidence to support the answer or the submission.

We believe that the submission of issue No. 10 was justified by the evidence and that the answer of the jury is supported by the evidence in the record.

The testimony of H. Glenn Butler was, in part, that he was familiar with the requirements, specifications and the geography of the land and knew that blasting operations would be required, and that the type of the soil and subsoil was such that normally it was necessary to blast lightly; and was familiar with blasting operations; that dynamite was used; that he did not know the absolute condition on the particular spot, and that he would use a blasting mat usually made up of interlaced hog wire and laid over the dirt before it is blasted, to keep the rocks from flying around; that there is not much vibration; that superintendents are in charge of each project.

Burnham testified that Mr. Williams was his foreman on the job and supervised the blasting; that special precautions are usually taken when blasting in a city, such as lighter shots and to mat the shots down; that explosives are unpredictable.

Walpole testified concerning the location of the house and the streets; that six sticks of dynamite were placed in the street and all exploded at one time near the residence and in front of it; that he inquired of the person who was connecting up the wires, how much dynamite was being exploded, and was told six sticks, and that all would be shot at one time; that no mat was used over the charge; that a big dust went up and lots of stones of all sizes, ranging from five or six inches in diameter, went all over the property, and some bounced from the top of his house; that he felt the vibrations; that he found all sorts of gravel and rocks on and around the house, and as to the damages—cracks in the rock walls, leaks in the roof, plumb-

ing and paper, as well as damage to the floors, doors, etc.

 Since the blasting of the rock was a necessary incident to the proper performance of the work, and that such work was intrinsically dangerous, even when skilfully performed, the parties engaged would be liable for any negligence or failure to take all necessary, reasonable and proper precautions to prevent any damages to others resulting therefrom. Cisco & N. E. Ry. Co. v. Texas Pipe Line Co., Tex. Civ.App., 240 S.W. 990, Er.Ref.; Baker **v.** Knight, Tex.Civ.App., 205 S.W.2d 65.

 The trial court did not abuse his discretion in admitting the testimony of plaintiff Walpole. 19 Tex.Jur., 135–8, Sec. 92; 19 Tex.Jur., 244, Sec. 159. The witness had purchased the property claimed to have been damaged, and had bought and sold other property in Lampasas and was familiar with the increase in values between 1943 and 1948. The residence was rock veneer and could not be moved intact.

R. O. Greer, a witness for defendants, testified that he built the Walpole house in 1939, and that the cash market value of the house and lot was $3,000, and estimated the damage at $280.

 The issues were sufficiently submitted and the proper measure of damages applied. The amount of the award is not excessive in view of damages. The jury was the trier of the facts and saw the witnesses and heard the testimony, and by its answers resolved the issues in favor of the plaintiff, and we believe that its findings are supported by the record. Assignments Nos. 6, 7 and 8 are overruled.

The ninth point complains of the error of the court in failing on his own motion to instruct the jury to disregard the improper argument of appellee's attorney in his closing remarks to the jury, because such remarks were prejudicial to appellants.

The remarks objected to were: "Remember gentlemen you yourselves may sometime be sitting as a litigant and when you consider your verdict, remember the Golden Rule."

The bill of exception to the remarks was allowed as qualified, in which the trial judge stated that the objection was sustained, and that the defendants did not move or request any instructions to the jury.

 The defendants did not move for a mistrial, and all that they requested was granted by the court. We do not believe that the argument was improper; it did not ask the jury to take the place of the plaintiff or the defendants, but was an appeal to the jury to deal fairly with both plaintiff and the defendants. Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478; Air Line Motor Coaches v. Green, Tex. Civ.App., 217 S.W.2d 70, Er.Ref.N.R.E.

We overrule the tenth point since we have concluded that there was evidence to support the jury's findings against the appellants, and the court did not err in overruling appellants' motion for judgment non obstante veredicto.

The judgment of the trial court is affirmed.