BANKS, Justice,
concurring in part and dissenting in part:
I am compelled to dissent from so much of today’s judgment as affirms the sentence imposed in this case. In my view, the uncorrected “Golden Rule” argument given in the guilt phase together with the equally condemned “send a message” argument used in the sentencing phase irreparably taints the death sentence rendered here.
We have long condemned the use of the so-called “Golden Rule” argument in both civil and criminal cases. Danner v. Mid-State Paving Co., 252 Miss. 776, 786,173 So.2d 608 (Miss.1965); Chisolm v. State, 529 So.2d 635, 640 (Miss.1988). “[I]t is improper to permit an attorney to tell the jury, in effect, that the law authorizes it to depart from neutrality and to make its determination from the point *519 of view of bias or personal interest.” Id. Nevertheless, we have more often than not found reason to affirm, despite this acknowledged misconduct.
In Alexander v. State, 520 So.2d 127, 130-131 (Miss.1988) we observed the curative effect of the trial court having sustained an objection to the argument and admonished the jury to disregard it. See also Holifield v. State, 275 So.2d 851, 856 (Miss.1973). Later in Ormond v. State, 599 So.2d 951, 961 (Miss.1992) we stretched that doctrine to cover an occasion where the court overruled the objection but immediately instructed the jury that what counsel said was just argument not evidence. We noted the curative impact of a written jury instruction to the effect that an argument should be disregarded if it has no basis in the evidence and consequently we held that the improper argument did not require reversal. Id. Finally, in Chisolm v. State, 529 So.2d 635, 640 (Miss.1988), where the objection to the argument was overruled and there was no indication of a special admonition, we found that “the argument was sufficiently insignificant in the overall context of the case” to be harmless.
This is a death case. While there is overwhelming evidence of guilt making the improper prosecution argument “sufficiently insignificant” on the question of guilt, the argument, made as it was to the death-deciding jury, must be considered as well for its potential effect on the punishment decision. See Caldwell v. State, 481 So.2d 850, 852 (Miss.1985) (noting that Court had reviewed argument in both guilt and sentencing phases for prejudice in sentencing); see also Middleton v. Evatt, 855 F.Supp. 837, 846 n. 8 (D.S.C.1994), aff'd., 77 F.3d 469 (4th Cir.1996) (noting that the “prejudice” prong analysis under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in capital trial must include consideration of the impact that deficiencies which occurred during guilt phase had on the eventual sentencing); Mack v. State, 650 So.2d 1289, 1337 (Miss.1994) (Banks, J., dissenting) (noting that evidentiary errors made in the guilt phase which might be deemed harmless on that issue may nevertheless take on added gravity in the sentencing phase).
As we consider that argument for its impact upon sentence, we must also bring to bear other transgressions in the closing argument during the sentencing phase. There, as the state concedes, the prosecutor employed the “send a message” argument that this Court has long condemned. Hunter v. State, 684 So.2d 625 (Miss.1996); Williams v. State, 522 So.2d 201, 209 (Miss.1988). While conceding our words on the topic, the state takes comfort in our actions, observing that we have never reversed a case based upon that admittedly improper argument. It notes that Wells was prosecuted by the same district attorney who made the argument in Hunter, which we declined to hold reversible. Perhaps it is merely coincidental that the same trial judge who overruled the objection to the “Golden Rule” argument in Chisolm presided at the instant trial.
In my view, the combination of these two previously condemned yet uncorrected arguments impermissibly taints the death decision such that it should be set aside and this case remanded for a new and fair sentencing hearing. I cannot find the error here to be harmless. Nor can I support the majority’s analysis that the State’s “send a message” argument was merely responsive to the defense’s argument. If the State' felt that the defense was improperly urging the jury to send a message that Leake County will not execute retarded people, then the proper response was a timely objection. It ought not to have responded by making its own “send a message” permutation, which we have repeatedly stated is inappropriate. See, e.g., Simon v. State, 633 So.2d 407, 413 (Miss.1993) (Banks, J. dissenting) (noting that proper response to Batson violation is an objection, not retaliation with identical discriminatory conduct).
Beyond that, it is high time that the bench and bar take seriously our admonitions about such improprieties. Harmless error analysis should not be considered as a license to transgress the rules of fair argument that are repeatedly promulgated by this Court. The effect of the argument on this issue by the State in this appeal is an announcement *520 that such license is what prosecutors and judges take our harmless error analysis of these issues to be. We should put an end to that.
For the foregoing reasons, I would affirm the conviction but reverse the sentence and remand for further proceedings.
SULLIVAN, P.J., joins this opinion.