McRAE, Justice,
dissenting:
Because the actions of the prosecutor in this case outside of the courtroom and during closing argument in the guilt and sentencing phases warrant reversal, I respectfully dissent.
First, the prosecutor in the trial below overstepped his bounds on the first day of the trial by engaging in an interview with television news media, explicitly violating Uniform Circuit and Chancery Court Rule 9.01. By allowing the interview to take place, the prosecutor gave “evidence” to the media regarding identification of the alleged murder weapon. This conduct is sanctiona-ble.
Second, the prosecutor’s closing argument to the jury in the guilt phase of the trial included a violation of the “Golden Rule,” asking the jurors to put themselves in the place of one of the parties: “I couldn’t call that anything but capital murder and I would venture to say that if it was your child you couldn’t call it anything else either.” Defense counsel immediately objected to this argument, and the trial judge overruled the objection. By making such an argument, the district attorney clearly aligned himself with the jury personally and tainted the jury with his personal opinion of how he would feel if his thirteen-year-old daughter were subjected to the same things as Gary Wells. See Chisolm v. State 529 So.2d 635, 639 (Miss.1988) (citing Danner v. Mid-State Paving Co., 252 Miss. 776, 173 So.2d 608 (1965), for the proposition that an attorney cannot tell a jury to make its determination based on bias or personal interest in the civil or criminal context). The district attorney specifically made the argument to unjustly prejudice the jury. Further, the argument was highly significant in the overall context of this case, because the jury was being asked to make the initial determination of guilt or innocence.
Third, the prosecutor’s statements during closing argument of the sentencing phase constituted an improper “send a message” argument. This argument in itself should be sufficient for reversal. Not only should the State not ask the jury to “send a message” to the county, the community, or society at-large, when deciding the punishment of the accused, but also the State’s use of this type of summation is always improper and is reversible error. Hunter v. State, 684 So.2d 625, 638 (Miss.1996) (Sullivan, P.J., concurring in part and dissenting in part).
The cumulative effect of the errors by the district attorney requires reversal of Wells’s conviction. Notwithstanding the prosecutorial errors, this Court is faced with insurmountable evidence of the defendant’s guilt. However, the undoubtedly improper actions by the district attorney could very well have been the factors causing the jury to convict and impose the death penalty in this case. While no defendant is guaranteed a perfect trial, each defendant is guaranteed a fair trial. In addition, as the majority notes, the prosecutor’s actions flew in the face of well-established court rules, as well as previous warnings from this Court.
If a prosecuting attorney, who is presumed to know better, persists in making erroneous and prejudicial remarks in his argument before the jury, then the trial court should deal harshly with him to the extent of sanctions, reprimands and contempt. This Court will not look for some reason to excuse such action of a prosecuting attorney, even though a new trial would be expensive to the people of the county. Such expenses, fault and blame should be placed at the door of the person who is responsible for it.
Livingston v. State, 525 So.2d 1300, 1308 (Miss.1988)(footnote and citations omitted). Further,
[i]t is not beyond the authority of this Court to assess the entire costs of a new trial to the attorney whose conduct made the trial necessary in those cases where [a reversal for unprofessional conduct] oe- *521 curs. Personal liability for this cost may well be imposed by this Court in the future and it will be done with an even hand, applied both to the private attorney and the attorney representing the State.
Stringer v. State, 627 So.2d 326, 330 (Miss.1993). Accordingly, as a sanction, the costs of the appeal and preparation of the record should be assessed against the prosecuting attorney. Additionally, because of the combination of the improper interview and improper jury argument by the district attorney, this case should be remanded for retrial.
BANKS, J., joins this opinion.