COPIAH DAIRIES, INC., et al. *v.* ADDKISON

No. 42661 May 20, 1963 153 So. 2d 689

*Satterfield, Shell, Williams & Buford, Carey E. Buf-kin,* Jackson, for appellants.

*J. Hoy Hathorn,* Louisville, for appellee.

GILLESPIE, J.

R. H. Addkison was plaintiff below and sued Copiah Dairies, Inc., and its truck driver, W. C. Jackson, defendants below, for damages sustained when the truck operated by Jackson for Copiah Dairies, Inc., skidded off the road and ran into the combination service station, store and residence owned by Addkison. Damages were sought for the destruction of the building, damage to the stock of merchandise, household and kitchen furniture, dishes and other items. The jury returned a verdict for the plaintiff in the sum of $18,500 and defendants appeal.

Appellant contends that the trial court erred in granting a peremptory instruction in favor of ap-

pellee at the close of the evidence for both parties. We are of the opinion that no error was committed in this connection and that the facts conclusively showed that appellants were guilty of negligence which was the sole proximate cause of the damages sustained by appellee. In our opinion there is not sufficient merit in this assignment of error to require a detailed statement of the facts relating to liability.

The appellee's property consisted of about one acre of land located in the forks of the road near Louisville, Mississippi. On this plot of land appellee owned and operated a service station and store, and maintained his residence. The proof showed that the gas pumps were not damaged. The proof showed that appellee carried a stock of groceries totaling about $2500 to $3000. Some of the grocery items were knocked off the shelves and damaged but there is no proof as to any specific item being damaged. The living quarters consisted of two bedrooms, den, kitchen and bathroom. The building was 28 years old but some additions had been made after the original construction. The building rested on brick piers with a brick curtain wall. The outside walls were covered with imitation brick siding, the roof was old but had recently had protective material applied to it, and the trim on the outside of the building had recently been painted. Proof on behalf of plaintiff showed that the building was in good condition although there was other proof that some parts of it were decayed. Appellee testified that his store, lot and other facilities located on the property as a unit had a value before the accident of $40,000, and after the accident a value of $10,000. He estimated it would cost $21,000 to rebuild the building, $1500 to $1800 to clear the lot of the old house, and $1500 to fill in a cellar that had been caved in by the accident. He testified that he would lose $5,000 while his business was closed for rebuilding the property. He estimated his total damages at $30,000. He testified

he made a profit of $450 to $500 per month in the grocery business. He testified that some of the furniture was damaged.

Other witnesses testified for appellee on the question of damages, some of whom were qualified and some of whom were not. There was no itemization of any damaged personal property. A wholesale grocer testified that he observed the condition of the stock of goods after the wreck and he was of the opinion it was damaged $800 to $900 but he made no list of the damaged items. In fact, no witness made any inventory or list of any of the personal property alleged to have been damaged. One witness testified that she thought there was a $500 or $600 damage done to dishes and antiques, and $700 to $800 to furniture, but she did not count anything or make a list, but only made a rough estimate.

Appellant offered proof of two expert witnesses who testified that the building had a value not exceeding $5,000, and that a new building, using new materials and the same floor plan, could be constructed for about $9,000.

A timely motion was made for a bill of particulars. The declaration charged that the plaintiff sustained property damages as follows:

| | |
|---|---|
| Replacement cost of building | $21,000.00 |
| Cost of clearing lot for rebuilding | 1,000.00 |
| Damage to stock of merchandise | 800.00 |
| Damage to household & kitchen furniture | 1,200.00 |
| Cost of rental of temporary place of business and house to live during reconstruction, four months @ $100 | 400.00 |
| Dishes, glasses, mirrors & antiques broken | 600.00 |
| Cost of moving, loss of business, inconvenience of rebuilding, supervision, personal time and incidental expense thereto | 5,000.00 |
| Total damages | $30,000.00 |

██ ██ The motion and affidavit for a bill of particulars averred that plaintiff should be required to give an itemization and description of the items of personal property alleged to have been damaged. This motion was overruled. We are of the opinion this was error and contributed to subsequent errors in the trial of this case.

██ ██ The record does not show the specific items of household and kitchen furniture, merchandise, dishes, glasses, mirrors, or antiques which sustained damage in the wreck. There was proof in a general way estimating the total of such damages but specific items were not mentioned in the evidence. We are of the opinion that the plaintiff should be required to state what property was damaged and the extent of such damage. Sec. 1499, Miss. Code 1942. The declaration was vague and indefinite as to the personal property alleged to be damaged. Before a defendant is required to answer in damages for injury to or destruction of personal property he should be advised what property has been injured or destroyed, if a bill of particulars is requested. ██ ██ Ordinarily, the granting of a bill of particulars rests within the sound discretion of the trial judge, but where, as in the instant case, there is no description of the personal property alleged to be damaged, the bill should be ordered as a matter of law. Otherwise, it would be impossible for the defendant to prepare for trial.

██ ██ Appellant complains of the granting to appellee of the following instruction on damages:

"The Court instructs the jury for the plaintiff in this case that if you believe from a preponderance of the evidence in this case that the property of the plaintiff, store, house, and goods damaged, was in the collision here sued upon, damaged beyond repair and that plaintiff is entitled to recover as against defendants, then the determination of the value of the value of

the damages for the building in dollars and cents would be determined by taking from what is shown to be the fair and reasonable value of said property as a unit, building, store and lot, prior to the collision, the amount that is shown to be the fair and reasonable value of said property as a unit, building, store and lot, after the collision, all as shown by the evidence in the case; that in addition thereto the plaintiff would be entitled to recover the actual value, cost or damage to his personal property destroyed, including damage to his stock of merchandise, household and kitchen furniture, dishes, glasses, mirrors and antiques broken, if any, as shown by the evidence to have been sustained as a direct and proximate cause of the collision here involved, including any loss of business sustained if any, cost of moving, if shown to be necessary, rent on premises during reconstruction and any other incidental expenses shown by a preponderance of the evidence to be reasonably necessary and to have been sustained as a direct and proximate result of the collision here sued upon.''

 █ It was fatal error to grant this instruction. It is calculated to confuse the jury. It tells the jury that the damages to the building should be determined by taking from the fair and reasonable value of said property as a unit, building, store, and lot, prior to the collision, the fair and reasonable value as a unit, building, store, and lot, after the collision. Does "store" mean the stock of groceries or that part of the building containing the store? Then the instruction, after having included the damages to the store along with the building, authorized the additional recovery of the cost or damage to his personal property. This authorizes pyramiding of damages. Moreover, there is not sufficient evidence in the record to justify recovery for the items of personal property for the reason that neither the declaration nor the proof showed what items were damaged. If the court had not refused the requested bill of

particulars it could be argued with considerable force that the general estimates of damages to personal property were sufficient to submit that issue to the jury. There was little objection to the estimates of overall damage to furniture, dishes, antiques, and groceries, but the court in overruling the motion for bill of particulars had already told the defendants, in effect, that plaintiff could prove his damages without advising defendants what items of personal property were damaged. There was no competent proof of damages to personal property for the reasons stated, and it was error to submit the issue of damages to personal property to the jury. ■■ ■ The instruction also erroneously told the jury to add "any other incidental expenses shown by a preponderance of the evidence. . . ." This improperly authorized the jury to include in the damages anything mentioned in the evidence, and furnished no guide in awarding damages for "the incidental expenses."

■■ ■ The measure of damages to the real property is set out in the recent case of Union Producing Company v. Pittman, (Miss.), 146 So. 2d 553. "In case of any injury of a permanent nature to real property the proper measure of damages is the diminution in the market value of the property by reason of that injury, or in other words, the difference between the value of the land before the injury and its value after the injury." The opinion in the Pittman case cites the authorities for this rule. This has become known as the "before and after rule," and it has been applied many times. See also Sears, Roebuck & Co. v. Creekmore, 199 Miss. 48, 23 So. 2d 250.

■■ ■ The instruction complained of authorized recovery for "any loss of business sustained, if any, cost of moving, if shown to be necessary, rent on premises during reconstruction. . . ." What has been said in regard to the items of personal property is applicable

to this part of the instruction. The instruction furnishes no guide to the jury to be used in awarding damages for these items. We are not called upon to decide if loss of business or loss of profits was a proper item of damage. That question is not raised or briefed.

■■ Appellant complains of argument made by appellee's attorney to the jury. He told the jury that in deciding the amount of damages, the jurors should put themselves in the shoes of the plaintiff and should do unto the plaintiff as they would want him to do unto them, and mentioned going according to the Golden Rule in this matter. Defendants objected and the court stated that technically the argument was not stating the correct test, but that the court felt the jurors were honorable and reasonable men and would take such argument in the proper way. The objection was not sustained and it was not necessary for defendants to move for a mistrial. Apparently this Court has not passed upon the Golden Rule argument. Attorneys have always been allowed considerable latitude in arguing to the jury so long as the argument does not exceed proper bounds. ■■ It is the essence of our system of courts and laws that every party is entitled to a fair and impartial jury. ■■ It is a fundamental tenet of our system that a man may not judge his own case, for experience teaches that men are usually not impartial and fair when self-interest is involved. Therefore, it is improper to permit an attorney to tell the jury to put themselves in the shoes of one of the parties or to apply the Golden Rule. Attorneys should not tell the jury, in effect, that the law authorizes it to depart from neutrality and to make its determination from the point of view of bias or personal interest. We hold it was error not to sustain the objection. Bullock v. Branch, (Fla. App.) 130 So. 2d 74; Brant v. Wabash R.R. Co., 31 Ill. App. 2d 337, 176 N.E. 2d 13; Dunlap v. Lee, 257 N.C. 447, 126 S.E. 2d 62; Greer v. Union Railway Co., 53 Misc. 639, 103

N.Y. Supp. 88; Rhodes v. Union Railway Co., 52 Misc. 501, 102 N.Y. Supp. 510; Russell v. Chicago, Rock Island & Pacific Railroad Co., 249 Iowa 664, 86 N.W. 2d 843, 70 A.L.R. 2d 927; 53 Am. Jur., Trial, Sec. 496, p. 401; 88 C.J.S., Trial, Sec. 191, p. 376; 70 A.L.R. 2d 937.

 Appellant assigns as error the failure of the trial court to grant a mistrial in connection with two occasions during the trial when reference was made to the "adjuster", once by appellee and once by a witness. Appellant contends that the effect of these references was to inform the jury that the case was being defended by an insurance company. The control of such matters rests largely within the sound discretion of the trial court and we are unable to say that he committed reversible error in this regard. On retrial, however, there will be no reason or excuse for reference to adjusters or insurance.

 Appellant also complains of attempts by appellee to show the absence of any offer by appellants to pay for the damages sustained by appellee. The trial judge recognized that evidence of the absence of an offer was not admissible, and sustained an objection thereto, and admonished the jury to disregard anything done in an attempt to settle the lawsuit. The trial judge could not do more under the circumstances. There should be no occasion for this matter to arise on retrial.

 Appellant assigns as error the trial court's action in granting appellee's requested instruction that the jury ". . . . will consider the store building and dwelling house as a total loss." The evidence shows that the building will have to be rebuilt, but it also shows that appellee and his family have continued to live in it and do business therein since the accident. It also shows that there is some salvage value. Under the circumstances, the instruction should not have been given.

██ ██ Finally, appellant contends that the verdict is excessive and evinces bias and prejudice on the part of the jury. We should not ascribe to the jury prejudice and bias on this record. Rather, we should and do hold that the verdict is excessive because of the several errors relating to the question of damages. In this connection, we note that there is insufficient competent evidence on which to base a verdict for $18,500.00.

Reversed and remanded.

*McGehee, C. J., and Kyle, Rodgers and Jones, JJ.,* concur.