530 So.2d 172 (1988)
Hiram C. EASTLAND, et ux.
v.
George H. GREGORY, et ux.
No. 57867.
Supreme Court of Mississippi.
August 17, 1988.
*173 Frank D. Barber, Jackson, for appellants.
Jeff D. Rawlings, Young, Scanlon & Sessums, Jackson, for appellees.
Before HAWKINS, P.J., and ANDERSON and GRIFFIN, JJ.
HAWKINS, Presiding Justice, for the Court:
Hiram C. Eastland and his wife Gail Eastland have appealed from a judgment rendered against them in the amount of $15,523 in the circuit court of the First Judicial District of Hinds County. We find only that portion of their assignment of error that the damages awarded were excessive has merit, and accordingly affirm the judgment of the circuit court in the amount of $12,500, and reverse and render on the remaining balance.

FACTS
On March 3, 1984, Hiram C. and Gail Eastland entered into a contract with Mrs. Dorothy W. Gregory for the purchase of the homestead residence of George H. and Mrs. Gregory, the title to which was in her name. The purchase price was $185,000 with the Eastlands paying $5,000 in earnest money.
The sale was not consummated and the Gregorys sued the Eastlands.
Following trial the jury found the Eastlands had breached the contract and returned a verdict for Mrs. Gregory in the amount of $15,523.
The Eastlands have appealed.
We only address their second assignment of error, that the award of damages was excessive, contrary to the evidence, and in direct disregard of the instructions of the court. The Eastlands do not claim there was not a jury issue as to whether they breached the contract.
At trial the Gregorys testified without objection that they sold the house for $175,000. No records were produced of the sale and even the name of the purchaser was not mentioned.
As to earnest money, the contract provided:
8. DEPOSIT. Purchaser has deposited with Broker $5,000.00 as earnest money. The same to be applied to the cash down payment on closing of this transaction... and if the Purchaser fails to perform the terms of this contract, 1/2 of said earnest money to be retained by the Broker, *174 provided that the Broker's portion of any such forfeiture shall not exceed the commission he is entitled to under this contract, and Seller shall have the option of treating the remaining 1/2 of said earnest money as liquidated damages for said breach; or, if he deems his actual damages to be in excess thereof, he may institute suit therefor in any court of competent jurisdiction, giving credit on said damages for said earnest money ...
Out of this $5,000 the real estate agent retained $2,500 and the Gregorys received $2,500.
The contract also provided the following as to attorney's fees:
13. ATTORNEY'S FEES: If it becomes necessary to insure the performance of the conditions of this contract to employ an attorney then the defaulting party or parties agree to pay reasonable attorney fees and court costs therewith.
Mr. Gregory testified that because the Eastlands failed to purchase the house, he had to take out a construction loan for the house they were building to defray the costs. A copy of a note for the principal sum of $85,000 executed by Gregory on June 19, 1984, was introduced into evidence. Asked the interest he had paid on the note, he replied, over defense objection, "About $4,300." Gregory then testified that if the Eastlands had closed on the contract he would not have had to pay that expense.
The circuit court excluded proffered testimony on rent and utilities Gregory had paid while his home was being constructed.
As to attorney fees, Gregory, again over objection, testified:
Q: How much in attorney's fees have you and your wife incurred?
BY MR. TRASH:
Your Honor, we'll object to any attorney's fees he has incurred.
BY THE COURT:
Objection will be sustained.
Q. How much has your wife incurred?
A: We have incurred about $3,200.00, and we owe about $1,100.00, plus whatever  another eleven or twelve hundred dollars. It would probably come to $5,200.00.

LAW
As to the interest paid on the $85,000 note, the circuit judge erred in overruling defense objection. In the first place there was no showing that the Eastland's breach of the contract in any way necessitated Mr. Gregory borrowing $85,000 to build his new home. A party who breaches a contract is only liable for the damages caused by the breach, and the non-defaulting party is only entitled to be put in the same position he would have been had there been no breach. Leard, et al. v. Breland, 514 So.2d 778 (Miss. 1987); McDaniel Bros. Construction Co., Inc. v. Jordy, 195 So.2d 922 (Miss. 1967); Miss. Power Co. v. Harrison, 247 Miss. 400, 152 So.2d 892 (1963). There may have been some damage occasioned by the breach of contract in addition to having to sell the residence for a less sum of money, but no predicate whatever was laid for such assessment by the jury. A bare conclusory statement by Mr. Gregory that because of the Eastlands' breach he had to borrow the money hardly suffices. See: Gilmore v. Cohen, 95 Ariz. 34, 386 P.2d 81 (1963); Thomas v. Global Boat Builders & Repairmen, Inc., 482 So.2d 1112 (Miss. 1986); Yazoo & M.V.R. Co. v. Consumers' Ice & Power Co., 109 Miss. 43, 67 So. 657 (1915); 22 Am.Jur.2d Damages §§ 822, 902, 924 (1988).
Also, counsel for the Gregorys failed to comply with another basic rule in proof of damages. It is absolutely incumbent upon the party seeking to prove damages to offer into evidence the best evidence available each and every item of damage. If he has records available, they must be produced. While certainty is not required, a party must produce the best that is available to him. Thomas v. Global Boat Builders & Repairmen, Inc., supra; Copiah Dairies, Inc. v. Addkison, 247 Miss. 327, 153 So.2d 689 (1963); Conrad v. Dorweiler, 189 N.W.2d 537 (Iowa 1971).
As to attorney fees, it is elementary that the first element of proof is causation. *175 The attorney who rendered the services must testify that he rendered the legal services and that they were necessitated to represent the wronged party as a result of the breach. He then gives his fee for services rendered. The second element is that they must be reasonable. Proof must be offered as to the reasonableness of the services. Counsel for the Gregorys failed on both these elements. Insufficient proof was offered as to causation, and no proof was offered as to reasonableness. The circuit judge erred, therefore, when he permitted Mr. Gregory to testify over objection what he had paid, and would have to pay in lawyer fees.
As to Mrs. Gregory, however, defense counsel mercifully offered no objection to her testimony on attorney fees, and it is too late to object on appeal.
Even the testimony as to the damage the Gregorys sustained in selling their home for less than the contract price with the Eastlands was subject to objection. Thomas v. Global Boat Builders & Repairmen, Inc., supra. There was no contract of sale with the second purchaser offered into evidence, no check for purchase price, no deed, no record whatever, simply the statements by Mr. and Mrs. Gregory that the house sold for $175,000. Again, the Eastlands failed to object, however.
Under the state of this record, the only evidence the jury was entitled to consider was the $10,000 loss in purchase price and the attorney fees about which Mrs. Gregory testified, totaling $5,000. From this sum, the Eastlands are entitled to $2,500 credit. From the record Mrs. Gregory is entitled at most to $12,500.
The judgment of the circuit court will be affirmed in the amount of $12,500 and reversed and rendered as to any excess.
The conclusion we have reached obviates any need to address the cross-appeal of Mrs. Gregory that the court erred in instructing the jury to deduct the $5,000 earnest money from any sum it found Mrs. Gregory entitled to receive as a result of the contract's breach.
JUDGMENT OF CIRCUIT COURT AFFIRMED IN THE AMOUNT OF $12,500; REVERSED AND RENDERED AS TO ANY AMOUNT OF EXCESS THEREOF.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.