DAN M. LEE,
Presiding Justice, concurring in part, dissenting in part:
I concur with parts L, II., and V. of the majority’s opinion. However, with regard to parts III. and IV. of that opinion, I respectfully dissent.
The majority correctly states in the introductory portion of its opinion that, “[e]vi-dence presented at trial concerning the relationship between Milton and Pattie is in obvious conflict.” It is unclear which specific testimony adduced at trial, concerning Pat-tie’s alleged relationship(s) with other men, ' which troubles the majority. Because of the conflicting evidence presented at trial and the unidentified testimony which concerns the majority, I must distinguish a category of testimony which I find acceptable as evidence.
The possible window of conception for “M” was sometime around March of 1987. Testimony of one witness, Bobbie Ann Grant (“Bobbie Ann”), possibly related to that time period, and her testimony was both relevant and probative of the central issue of paternity — the identity of the father.
At trial, Bobbie Ann responded to questions by Milton’s attorney as follows:
Q. Where were you living in 1987?
A. Woolwine Apartments.
Q. Who did you live with?
A. Michael Reynolds. I was living with — well, Michael Reynolds was living with me.
Q. It was your apartment, and he resided in it?
A. We was together three years.
Q. Now, was 1987 one of those three years?
A. Yes.
Q. Did you have occasion during the course of 1987 to hear Miss Taylor’s [Pat-tie’s] name in connection with Mr. Michael Reynolds?
A. Yes.
Q. And what was that occasion? Do you remember? And I would caution you, don’t say what someone else told you, but what you heard with your own ears.
A. Okay. Michael and I lived together in Woolwine. Pattie was dating Mike at the time.
Q. Do you know in what part of 1987? A. No, I don’t know that.
Q. Did you ever have occasion to hear Mr. Reynolds name mentioned by Miss Taylor [Pattie]?
A. Yes.
* ⅞? * * ⅝ ⅜
Q. Did you ever hear Pattie Taylor say that Michael [Reynolds] was the father of the child?
A. Yes.
Bobbie Ann unambiguously testified that Pattie dated Michael Reynolds and that Pat-tie told her that it was Michael who was the father of “M”, not Milton. As a consequence, *936 Bobbie Ann’s testimony had substantive value probative of the issue of the identity of the father of “M”. It also properly implicated the credibility of Pattie because it directly contradicted her assertion that she had not had a sexual relationship with anyone other than Milton during the window of conception.
In a paternity action, the testimony of a witness which indicates, that the mother previously admitted that someone other than the defendant is the father of her child should be admitted into evidence pursuant to M.R.E. 801(d)(2)(A). To exclude such testimony from a jury would be tantamount to adopting the position that the laboratory results of blood samples are irrefutable and should be accepted as conclusive evidence of paternity.
As to Milton’s attorney’s statements to the jury made during closing arguments that Pattie had two (2) illegitimate children other than “M”, I disagree with the majority’s inference that such statements constituted improper evidence.
The majority analyzes the closing argument of Milton’s attorney under M.R.E. 401. However, that inquiry is improper. Statements made by attorneys in closing argument are not considered evidence, hence not subject to the evidentiary rules governing admission of evidence. Attorneys are allowed considerable latitude in their closing arguments. Ball v. Sloan, 569 So.2d 1177 (Miss.1990); Catholic Diocese of Natchez-Jackson v. Jaquith, 224 So.2d 216 (Miss. 1969); Copiah Diaries, Inc. v. Addkison, 153 So.2d 689 (Miss.1963).
The statement at issue was not the introduction of new evidence. It was merely a summary of testimony already received during the course of the trial, without objection from DHS. Therefore, the statements were properly supported by the testimony of witnesses and did not exceed the broad latitude afforded closing statements of counsel. Ball v. Sloan, 569 So.2d 1177 (Miss.1990).
McRAE, J., joins this opinion as to parts I & V.