KING, P.J.,
for the Court:
¶ 1. This is a case involving a suit for unpaid commissions and a default judgment entered in county court against the Appellants, John Caver and Industrial Maintenance and Machine. Finding substantial evidence exists to support the trial court’s judgment, we affirm.
Facts
¶2. Joseph Brown filed suit against John Caver, owner of Industrial Maintenance and Machine, Inc., for unpaid commissions and obtained a default judgment on December 2, 1999. In a subsequent hearing on Brown’s writ of inquiry, the county court entered a judgment against Industrial Maintenance and Caver for $5,197 representing unpaid commissions to Brown. On appeal, the Circuit Court of Jackson County affirmed the county court’s judgment.
¶ 3. Joseph Brown was employed as a salesman from January 1995 until about May of 1998. Brown was paid solely on a commission basis. He calculated the amounts due in commissions and reported those amounts to Industrial Maintenance.
¶4. The parties disputed whether certain commissions were owed. Industrial Maintenance claimed that office personnel realized that Brown had incorrectly claimed a higher percentage of commissions on accounts not assigned to him which resulted in an overpayment of commissions. Brown claimed that he did not receive $17,776 earned in commissions. Brown arrived at the $17,776 figure by using records which he maintained and those subpoenaed from various former clients during discovery. According to Brown, on several occasions Caver refused attempts at a reconciliation of the disputed commissions.
¶5. Industrial Maintenance asked its employee, Barbara Stevenson, a secretary and bookkeeper, to verify the jobs on which Brown had been paid a commission and what amounts he had received. Ms. Stevenson concluded that Brown’s over calculation of commissions caused an overpayment of $15,000. Renee Wallace had been asked to recheck Brown’s commission records. However, the intervention of Hurricane Georges precluded this and destroyed the company’s records of Brown’s commissions. Ms. Wallace testified that she was about 80% finished with her work in recalculating Brown’s commission payments at the point when the storm occurred. She indicated her calculations had determined that Brown had received over-payments in excess of $12,000.
¶ 6. At the hearing in this matter, Brown was permitted to enter into evidence notes which he kept while employed, and other statements subpoenaed from the records of business accounts on which he worked to establish the commissions owed to him. Industrial Maintenance and Caver contend such documents were not conclusive evidence of past-due commissions and their admission into evidence was therefore error.
¶ 7. On appeal, the circuit court determined that the county court had made *378 specific findings based on sufficient proof to award damages to Brown. Among the arguments made before the county and circuit court was that the handwritten documents were not provided in discovery and should not have been permitted to be used at the hearing on the matter. The circuit court noted that the figures presented by Brown were substantiated by the subpoenaed and properly admitted documents. While the circuit court did not suggest any county court error, it intimated that if there was any error, it was harmless. The circuit court also noted that the county court found that Brown had met his burden of proof with evidence of facts and figures and that Brown’s claims were not sufficiently rebutted by Industrial Maintenance.
Issues on Appeal
¶ 8. On appeal to this Court, Industrial Maintenance argues that (1) the trial court abused its discretion by admitting as evidence summaries of documents either deliberately withheld or destroyed by Brown and (2) that damages were not proven with reasonable certainty.
Resolution of the Issues on Appeal
¶ 9. Consideration of the issues on appeal requires us to employ the familiar substantial evidence/manifest error standard of review. Harris v. Penn, 798 So.2d 544, 546 (¶ 4) (Miss.Ct.App.2001). If there is substantial evidence supporting the trial court’s findings and conclusions and such determinations are not manifestly wrong, we are without authority to reverse.
¶ 10. As stated, Industrial Maintenance objects to the county court’s acceptance of the compilation Brown made as to the commissions he believed he was owed. They assert that they were not given the handwritten notes Brown claims to have used in identifying and calculating his unpaid commissions. Brown testified that his master list was compiled from his notes and the subpoenaed documents, and that he destroyed his work papers, after a determination that the subpoenaed documents supported his calculations. According to Brown, no documents had been withheld from the Appellants.
¶ 11. Brown counters the arguments of Industrial Maintenance on the basis that he used the best evidence available to him to arrive at his calculation of his damages and that his efforts to provide the best evidence comply with Mississippi law and that the county court did not err in admitting his records of his commissions.
¶ 12. Regarding the missing documents the county court had this to say:
As I understand the testimony is that there are numerous documents that were used to compile this, including the records from the companies that were doing business that he claims a commission from, that there are not available, there were certain handwritten notes that he made that he compared, he says he compared to the documents that he received through these subpoena duces tecums, from the different companies. And that when he compared those, that they were similar and that he had — did no longer have the handwritten notes that were not supplied to Mr. Denham.
The Court believes that the testimony elicited by Mr. Denham goes to credibility more than to admissibility. Based upon that I’m going to allow it in and take into consideration the testimony as to the time period referred to by Mr. Denham and to the — any effect it may have had as to the handwritten notes by Mr. Brown.
[[Image here]]
Well, one of the problems I think recognized early on was this originally was a, obviously it start out as a default judgment. The default wasn’t set aside ex *379 cept because the unliquidated nature of the damages and that’s why we’re here today on the issue of damages alone. And my understanding is that Mr. Caver’s position was too, under that Motion to Set Aside that he didn’t have any records, either of this. They were all destroyed, so there’s — I’m going to be a little lenient with everyone when it comes to what their testimony is about what their memory is. That’s all we’ve got.
¶ 13. Evidentiary decisions are within the broad discretion of the trial court. Ford v. Johnson, 750 So.2d 546, 548 (¶ 10) (Miss.Ct.App.1999). Unless we determine that the trial court has clearly abused such discretionary power, we will not reverse such a ruling. Id. Given this standard by which we review a trial court’s decision on evidentiary matters, we find no abuse of discretion on the part of the trial court. It was the county judge’s position to determine the credibility of the parties and the reliability of the evidence. Based on the record before us, we do not find that the county court judge’s decision to admit the documents in question was manifest error.
¶ 14. As to the Appellants’ argument regarding proof of damages, the Mississippi Supreme Court has stated that “while the measure of damages need not be perfect, the most accurate and reliable evidence available should be required.” City of New Albany v. Barkley, 510 So.2d 805, 807 (Miss.1987) (citing Harrison v. Prather, 435 F.2d 1168, 1174 (5th Cir. 1970)). While the plaintiff bears the burden of proof as to the amount of damages, it is only “incumbent upon the party seeking to prove damages to offer into evidence the best evidence available [for] each and every item of damage. If he has records available, they must be produced. While certainty is not required, a party must produce the best that is available to him.” Eastland v. Gregory, 530 So.2d 172, 174 (Miss.1988). The trial court was in the best position to discern whether the best evidence of the unpaid commissions was offered and whether the testimony and evidence offered in opposition to such claims were credible and reliable. There was sufficient evidence for the trial court to conclude that the best evidence was offered and that there had not been any deliberate attempt to fail to disclose pertinent evidence regarding damages.
¶ 15. In this case, the county court having done its own review of the evidence and documents determined that Brown was not paid $5197 in commissions versus the more than seventeen thousand dollars that he claims to have not been paid. Sufficient evidence having been produced to support such a claim, we affirm the circuit court’s decision affirming the county court’s ruling and judgment.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY IS AFFIRMED. STATUTORY DAMAGES AND INTEREST ARE AWARDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ„ CONCUR.