# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2024-CA-01393-SCT

*VICKIE GREER*

*v.*

*MICHAEL C. KEY*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/20/2024 |
| TRIAL JUDGE: | HON. CELESTE EMBREY WILSON |
| TRIAL COURT ATTORNEYS: | JASON RANDOLPH HOLLINGSWORTH |
| | GOODLOE TANKERSLEY LEWIS |
| | D. REID WAMBLE |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | D. REID WAMBLE |
| ATTORNEY FOR APPELLEE: | GOODLOE TANKERSLEY LEWIS |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 02/19/2026 |
| MOTION FOR REHEARING FILED: | |

**BEFORE RANDOLPH, C.J., GRIFFIS AND BRANNING, JJ.**

**BRANNING, JUSTICE, FOR THE COURT:**

¶1. Vickie Greer filed a personal-injury lawsuit following an automobile accident in which Michael Key rear-ended Greer's vehicle. Before trial, the circuit court granted Key's motion in limine, which prohibited Greer from asking questions or making references at trial related to Key's "knowledge of the rules of the road" and his "personal sense of safety." After a unanimous jury rendered its verdict in favor of Key, Greer appealed the trial court's judgment. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. On November 1, 2017, Greer was on her way to work at Mahle Aftermarket in Desoto County. During the drive, Greer merged off of westbound Highway 78 to take a right on Hacks Cross. She made it to the bottom of the ramp rolling at a speed of approximately three miles per hour waiting to merge onto Hacks Cross. Before she could merge, Key hit her vehicle from behind. She later admitted that the vehicles incurred minimal damage and that she still could have made it to work after the wreck. But she was taken by ambulance to Methodist Hospital in Olive Branch. The day after the accident, Greer saw Dr. Edwardo Cruz at Delta Rehab. After one visit and some follow-up physical therapy, she was released from Dr. Cruz's care on November 29, 2017. Greer acknowledged having had back surgery for lower-back issues approximately twenty years before the accident, but she denied any back issues immediately preceding the accident. The photographs of the parties' vehicles following the accident showed very minimal damage to both vehicles.

¶3. Key similarly testified he was headed to work on the morning of November 1, 2017. He traveled down Highway 78 until merging off at the Hacks Cross exit intending to head north on Hacks Cross. Key further testified that when Greer reached the bottom of the ramp, she began to merge out onto Hacks Cross. He then looked to his left to make sure he could merge, but when he looked back, he noticed Greer's vehicle had stopped moving, and his vehicle collided with hers. He stated that at the time of the accident, his vehicle was moving at a speed between seven and fifteen miles per hour.

¶4. Among the pretrial motions filed by the parties, Key filed his "Motion in Limine as

to Reptile Theory Arguments" asking the trial court to "exclude [Greer from] referring to 'safety rules' at any point during the trial as these are improper golden rule and conscious of the community type arguments that are clearly prohibited." The trial court, having granted the motion in part and denied the motion in part, stated that

> The so-called golden rule and reptile theory arguments are improper and hereby precludes the parties in this matter from mak[ing] arguments that encourage the jury to render based upon improper emotional considerations . . . instead of applying the facts presented to the applicable legal standards. [And] since the question of liability remains at issue, the court finds that evidence regarding any rules or regulations as they apply to the standard(s) of care or breach thereof by [Key] is both relevant and . . . highly probative. For this reason, the court denies [Greer's] request to place such a limitation on [Key]. However, in accordance with its ruling herein as to golden rule and reptile theory arguments, the court cautions both parties that attempts to inflame the jury's passions by making improper emotional appeals to their personal sense of safety or self-preservation are inadmissible.

¶5.    At trial, Greer's counsel proceeded with a line of questioning regarding Key's knowledge of the rules of the road and his responsibility to obey the rules for the safety of others. A sample of the questions include:

Q.    And do you agree that the rules of road are traffic safety rules?

Q.    Would you agree that the rules of the road are rules that you need to drive by to keep from having a wreck?

Q.    What do the rules of the road mean to you?

Q.    Mr. Key, is it foreseeable that if you don't follow the traffic safety guidelines that you could injure somebody?

¶6.    The trial court sustained Key's objections to each of these questions. At the conclusion of the trial, the circuit court instructed the jury that: (1) the burden of proof is entirely upon Greer as the plaintiff; (2) if the jury found that Greer failed to establish *any*

3

essential element of her claim, their verdict should be for the defendant, Key; (3) Key was negligent when his truck ran into the rear of Greer's car; and (4) Greer had to prove the negligence was a proximate contributing cause of Greer's injuries in order for her to recover damages. Because Key admitted liability for the accident, the issue at trial centered on whether his negligence proximately caused Greer's alleged injuries.

¶7.     After deliberation, the jury returned a unanimous verdict in favor of Key, finding that Greer had failed to prove by a preponderance of the evidence that Key's negligence had proximately caused Greer's damages.  The trial court entered its final judgment based upon the jury's verdict, and Greer appealed.  There is no record that Greer filed a motion for a new trial.

## STANDARD OF REVIEW

¶8.     In the absence of a procedural bar, "[w]here an appellant challenges a jury verdict as being against the overwhelming weight of the evidence[,] . . . this Court will show great deference to the jury verdict by resolving all conflicts in the evidence and every permissible inference from the evidence in the appellee's favor." *Patterson v. Liberty Assocs., L.P.*, 910 So. 2d 1014, 1018 (Miss. 2004) (quoting *Venton v. Beckham*, 845 So. 2d 676, 684 (Miss. 2003)).  We will disturb the verdict only if we find that it contradicts the overwhelming weight of the evidence enough to constitute an unconscionable injustice. *Id.* (quoting *Venton*, 845 So. 2d at 684).  Further, "[t]his Court reviews a trial judge's decision to admit or deny evidence under an abuse-of-discretion standard." *Robinson Prop. Grp., L.P. v. Mitchell*, 7 So. 3d 240, 243 (Miss. 2009) (citing *Whitten v. Cox*, 799 So. 2d 1, 13 (Miss.

4

2000)).

## **DISCUSSION**

¶9.     On appeal, Greer raises two issues for consideration: (1) whether the jury's verdict—that Key's negligence was not a proximate contributing cause of Greer's damages—was against the overwhelming weight of evidence, and (2) whether the trial court improperly excluded questioning and references regarding the purpose and safety objectives of the traffic laws violated by Key, thereby preventing Greer from establishing proximate cause.

### **I.     Procedural Bar**

¶10.     Based on this Court's precedent, Greer's failure to file a motion for a new trial bars appellate review of whether the jury verdict is against the overwhelming weight of evidence. "A '[m]otion for new trial must be made where it is contended that the verdict of the jury is against the overwhelming weight of the evidence.'" ***Eubanks v. State***, 341 So. 3d 896, 911 (Miss. 2022) (alteration in original) (quoting ***Jackson v. State***, 423 So. 2d 129, 132 (Miss. 1982)). "Our law is well established that generally this Court refuses to review a claim that a verdict is contrary to the overwhelming weight of the evidence when the assignment is first raised on appeal." ***DeLaughter v. Lawrence Cnty. Hosp.***, 601 So. 2d 818, 820 (Miss. 1992). Failure to file a motion for new trial, procedurally bars an appellant from asserting such issues on appeal. *Id.*  Furthermore, this Court has held that "'[t]here are certain errors that parties *must* bring to the attention of the trial judge in a motion for new trial,' or they will not be considered on appellate review." ***Graves v. Dudley Maples, L.P.***, 950 So. 2d 1017, 1021 (Miss. 2007) (emphasis added) (quoting ***McLemore v. State***, 669 So. 2d 19, 24 (Miss.

5

1996)).  "These include . . . [arguments] that the verdict is against the overwhelming weight of the evidence[.]" *Id.* (internal quotation mark omitted) (quoting *McLemore*, 669 So. 2d at 24).  This procedural bar arises from the principle that "a trial judge will not be found in error on a matter not presented to the trial court for a decision." *Purvis v. Barnes*, 791 So. 2d 199, 203 (Miss. 2001) (citing *Bender v. N. Meridian Mobile Home Park*, 636 So. 2d 385, 389 (Miss. 1994)). Because Greer's appeal was not preceded by a post-trial motion for a new trial, we decline to consider this issue on appeal.

## II.    The Reptile Theory

¶11.    Greer's second assignment of error involves a matter of first impression for this Court—admissibility of reptile-theory arguments.  The reptile theory originated from a book authored by David Ball and Don Keenan entitled *Reptile: The 2009 Manual of the Plaintiff's Revolution* (2009).  This theory is also referred to by some as "the edge."  Application of this theory involves either asking questions about making references to "personal safety, community safety, conscience of the community, danger to the community, and other similar 'reptile theory' topics and phrases," which has been flatly rejected by federal courts in Mississippi.  *Criss v. Roll-Offs Trucking, Inc.*, No. 3:22-CV-457-KHJ-MTP, 2024 WL 268416, at *2 (S.D. Miss. Jan. 24, 2024).

¶12.    While this Court has not directly addressed reptile-theory arguments, we have clearly deemed golden-rule arguments, which "permit an attorney to tell the jury to put themselves in the shoes of one of the parties or to apply the Golden Rule," as inadmissible. *Danner v. Mid-State Paving Co.,* 252 Miss. 776, 173 So. 3d 608, 612 (1965) (quoting *Copiah Dairies,*

6

***Inc. v. Addkison***, 247 Miss. 327, 153 So. 2d 689, 694 (1963)). Also, the United States Court of Appeals for the Fifth Circuit has treated the golden rule and reptile theories similarly by condemning both as inadmissible "community conscience" arguments which are "all impassioned and prejudicial pleas intended to evoke a sense of community loyalty, duty, and expectation." ***Westbrook v. Gen. Tire & Rubber Co.***, 754 F.2d 1233, 1238-39 (5th Cir. 1985) (internal quotation marks omitted).

¶13. For illustrative purposes, the defendant in ***Criss*** objected to the following questions:

> Q. Do you agree that when you're out there driving a commercial motor vehicle, that safety of other motorists is the most important thing?
>
> Q. When you're driving a commercial motor vehicle, Jody, do you agree that you should make sure the path is clear ahead of you and to your side before you change lanes?

***Criss***, 2024 WL 268416, at *2. Citing the Fifth Circuit's holding in ***Westbrook***, 754 F.2d at 1238-39, the federal trial court granted the defendant's motion to exclude these questions. ***Criss***, 2024 WL 268416, at *2. The Court found that such questions were "not relevant to any issue in the case, . . . and even if marginally relevant, the probative value of [these questions] would be substantially outweighed by the dangers of unfair prejudice, confusing the issues, misleading the jury, and wasting time." ***Id.*** (internal quotation mark omitted) (citing ***Woulard v. Greenwood Motor Lines, Inc.***, No. 1:17cv231-HSO-JCG, 2019 WL 3318467, at *3 (S.D. Miss. 2019)).

¶14. In the present case, Greer employed questioning similar to that in ***Criss*** by quizzing Key on his knowledge and understanding of the rules of the road and whether one needs to drive by the rules of the road to keep from having an accident, injuring himself, or injuring

7

others.  These questions include the following:

Q. And do you agree that the rules of road are traffic safety rules?

. . . .

Q. Would you agree that the rules of the road are rules that you need to drive by to keep from having a wreck?

. . . .

Q. Well, let me ask you this: What do the rules of the road mean to you?

. . . .

Q. Mr. Key, is it foreseeable that if you don't follow the traffic safety guidelines that you could injure somebody?

. . . .

Q. Well, let me ask it another way. Mr. Key, if you don't follow the traffic rules that you're required to follow, what do you think would happen?

. . . .

Q. And do you agree that the main reason that you had a responsibility to obey the traffic law, as you just said, was a responsibility for other people on the roadway?

. . . .

Q. You would agree with me, wouldn't you, Mr. Key, that if you don't keep a lookout for other drivers that bad things could happen?

. . . .

Q. Now, let me ask you this: Do you think it's important for you to follow the rules of the road or the rule to look out for other people so that you don't injure the people or run into the back or injure the people that are in front of your vehicle?

The trial court, having sustained Key's objections to each of these questions, instructed

8

Greer's counsel to "ask him questions about the wreck, the incident, the day. . . . But as far as what the law is, the court will be giving that to the jury. It will not come from the witness[.]"[1]

¶15. Greer asserts that such questions were necessary for establishing the foreseeability aspect of proximate cause. But "[w]hile duty and causation both involve forseeability, duty is an issue of law, and causation is generally a matter for the jury. Juries are not instructed in, nor do they engage in, consideration of the policy matters and the precedent which define the concept of duty." *Donald v. Amoco Prod. Co.*, 735 So. 2d 161, 174 (Miss. 1999) (citing W. Page Keeton, *Prosser and Keeton on Torts* § 37 (5th ed. 1984). While Greer is correct in that foreseeability, as it relates to proximate cause, is a question of fact for the jury, foreseeability in this case falls within the context of the *duty of care*, which is a question of law. *Id.* (citing *Foster v. Bass*, 575 So. 2d 967, 972-73 (Miss. 1990) (finding that the existence *vel non* of a duty of care is a question of law to be decided by the Court)). This Court finds that the circuit court did not abuse its discretion by excluding Greer's reptile-theory questioning as inadmissible. Miss. R. Evid. 401-403.

**CONCLUSION**

¶16. Because Greer's appeal was not preceded by a motion for a new trial, we decline to review whether the jury's verdict was against the overwhelming weight of evidence. Further, this Court finds that trial court did not abuse its discretion by excluding Greer's

---

[1] We note that the trial court's statement was correct here; this Court has recognized that the responsibility to instruct the jury on the law falls upon the trial court and not the witness. *See* *Roundtree v. State*, 568 So. 2d 1173, 1179-80 (Miss. 1990).

9

reptile-theory questioning as inadmissible under Mississippi Rules of Evidence 401 to 403.

Therefore, we affirm the circuit court's judgment.

¶17.    **AFFIRMED.**

      **RANDOLPH, C.J., KING AND COLEMAN, P.JJ., ISHEE, GRIFFIS AND SULLIVAN, JJ., CONCUR.**